## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRENCE CARTER (# 386127)**                                   **CIVIL ACTION NO.**

**VERSUS**                                                                       **19-422-JWD-EWD**

**UNKNOWN FARRET**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRENCE CARTER (# 386127)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                                            **19-422-JWD-EWD**

**UNKNOWN FARRET**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Terrence Carter ("Plaintiff"), an inmate now confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana filed this proceeding pursuant to 42 U.S.C. § 1983 against Major Farret ("Defendant") alleging Defendant failed to protect Plaintiff from violence at the hands of another inmate in violation of the Eighth Amendment.[1]  Plaintiff requests monetary relief.[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[3]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4]  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5]  The law accords judges not only the

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 6.
[3] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on October 10, 2019.  (R. Doc. 6).
[4] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] The court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12]

Plaintiff's sole claim is based on an alleged failure to protect, which arises from an aggravated fight occurring between Plaintiff and inmate Ja'machile Hudson ("Hudson") in February 2019. Prior to the incident at issue, Plaintiff alleges that Hudson filed a false PREA claim against Plaintiff in 2015 and that an aggravated fight occurred between Hudson and Plaintiff in 2017.[13] At some point Hudson was placed on Plaintiff's list of enemies,[14] but thereafter, Hudson and Plaintiff agreed to be removed

---

[6] *Denton,* 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.*
[12] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[13] R. Doc. 1, p. 4.
[14] R. Doc. 1, p. 7.

from each other's enemy lists and agreed that they could "live arough [sic] each other."[15] Though Plaintiff and Hudson agreed to be removed from each other's enemy lists, Plaintiff alleges that "security" should have known that he and Hudson "were still going to be getting into physical confrontations once we got around each other."[16]

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence from other inmates.[17] Prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates."[18] However, "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[19]

"Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law.[20] An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[21] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.[22] In other words, in order for there to be liability in connection with this cause of action, there must exist an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.[23] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[24] Mere negligence is insufficient to

---

[15] R. Doc. 1, p. 5.
[16] R. Doc. 1, p. 5.
[17] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[18] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[19] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[20] *Farmer*, 511 U.S. at 837.
[21] *Id.*
[22] *Id. at 847*.
[23] *Johnston*, 786 F.2d at 1259.
[24] *Farmer*, 511 U.S. at 837.

3

establish a failure to protect claim.[25] Deliberate indifference requires a level of awareness of a specific risk based upon specific information rendering general knowledge of general dangerousness or the like insufficient to support a finding of deliberate indifference.[26]

Plaintiff has failed to allege any facts to show that any security guard or officer, much less Defendant,[27] was aware Plaintiff faced an excessive risk of danger from Hudson. Based on the allegations of the Complaint, the opposite is true. According to Plaintiff, he and Hudson signed papers indicating they *could* live around each other and the last confrontation between the two occurred approximately two years before the incident at issue. Based on Plaintiff's voluntary removal of Hudson from Plaintiff's enemy list and the length of time between their last altercation and the one that is the basis of this suit, Plaintiff cannot prove any set of facts that would entitle him to relief on a failure to protect claim such that his case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[28]

To the extent that Plaintiff's allegations seek to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the state claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[29] Having recommended dismissal of Plaintiff's federal claims, it is also recommended that the Court decline to exercise of supplemental jurisdiction over any potential state law claims.

---

[25] *Id.* at 837.
[26] *Walker v. Davis*, No. 6:17cv166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019). *See also Van Williams v. Samaniego*, No. 05-CA-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[27] Plaintiff has not made any specific allegations against Defendant. His allegations are instead made broadly against "security."
[28] *See Bright v. O'Flaherty*, No. 08-699, 2008 WL 6762599 (D. Md. Oct. 15, 2008) (The court refused to find a failure to protect where the plaintiff was stabbed by an inmate whom the plaintiff had voluntarily removed from his enemy list after 25 years.). *See also Mason v. Bradberry*, 16 F.3d 1228 (8th Cir. 1994).
[29] 28 U.S.C. § 1367.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[30] and that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, Plaintiff's pending Motion for Appointment of Counsel[31] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on February 14, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
[31] R. Doc. 3.

5